# LIBERTY FINANCE COMPANY *v.* EMANUEL SCHLISSLER ET AL.

[No. 49, October Term, 1933.]

*Decided January 10th, 1934.*

The cause was submitted on briefs to Bond, C. J., Patti-son, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Samuel J. Aaron, Howard L. Haron,* and *Emanuel G. Carton,* for the appellant.

*Sykes, Nyburg, Goldman & Walter,* for Leah Schloss, appellee.

Urner, J., delivered the opinion of the Court.

The Liberty Finance Company, a corporation licensed under the Petty Loan Law (Code, art. 58A), made a loan of $300 on September 9th, 1925, and received as security an

assignment from the borrower of any wages then or thereafter earned by him in his existing or any future employment. The pending suit in equity is to enforce the assignment as against wages accruing to the debtor on and after May 18th, 1932. On this appeal from a decree dismissing the bill of complaint, the principal argument has been concerned with the question whether the plaintiff sufficiently complied with certain statutory requirements in its efforts to avail itself of the assignment. In our opinion, it is not necessary to decide that question, because the assignment is sought to be enforced after the expiration of the period to which its possible operation is limited by law.

Section 16 of article 8 of the Code of Public General Laws provides: "Every assignment of wages to be earned in whole or in part more than six (6) months from and after the making of such assignment, shall be absolutely void." In this case an assignment of wages is proposed to be enforced more than six and a half years after its execution.

The quoted limitation upon such agreements, as to the time of their effectiveness, was included in a statute antedating the Petty Loan Act, which contains no such provision, and the two enactments are embodied in separate articles of the Code. It is the appellant's theory that the assignment now in question, which purports to have been executed under the Petty Loan Act, is unrestricted with respect to the time of its enforcement. In our judgment, that theory is not sustainable. Article 8 of the Code, in its sections 11 to 17, enacted by chapter 399 of the Acts of 1906, is concerned generally with the subject of the assignment of wages, while article 58A, enacted by chapter 88 of the Acts of 1918, regulates, in its section 17, assignments of wages as security for petty loans made by licensees under that act. The former act was not repealed by the latter (*Wight v. Balto. & O. R. Co.,* 146 Md. 66, 125 A. 881), and they must both be given effect to the extent to which their terms are not in conflict. In the opinion in *Gregg v. Public Service Commission,* 121 Md. 1, 30, 87 A. 1111, 1113, it is said: "It is a well-recognized rule that all statutes upon the same subject-matter are to be har-

monized as far as possible, and this is true whether the acts relating to the same subject were passed at different dates, separated by long or short intervals." In *Barron v. Zimmerman*, 117 Md. 296, 83 A. 258, it was held that the provisions of two distinct articles of the Code should be considered together for the purpose of ascertaining the legislative intent in regard to the question of inheritance then under consideration.

No provision of article 58A is inconsistent with the time limitation on assignments of wages imposed as a general policy by article 8. It must be presumed, in the absence of an indication of a purpose to the contrary, that the latter enactment was formulated with due regard to that policy. There is a provision of section 17 of article 58A that, under any assignment of future salary or wages given as security for a loan made under that article, ten per cent. of the borrower's wages shall be collectible by the licensed lender "at the time of each payment of salary or wages, from the time that a copy thereof, verified by the oath of the licensee, or his agent, together with a verified statement of the amount unpaid upon such loan, is served upon the employer." But, since the right afforded by that provision is susceptible of being exercised within the period of six months to which all assignments of future wages are limited by article 8, we see no sufficient reason to conclude that assignments of wages to secure petty loans, under article 58A, were intended to be excepted from that comprehensive limitation. The two provisions are not essentially repugnant, and they disclose no ground for a legislative discrimination in favor of a particular class of creditors with respect to the statutory time restriction upon wage and salary assignments.

Since the bill of complaint is directed to the appropriation of wages accruing more than six months after the execution of the assignment upon which the suit depends, we concur in the decision under review on this appeal.

*Decree affirmed, with costs.*